UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BAXTER BAILEY INVESTMENTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-2860-STA-dkv |
| MARS PETCARE US, INC. and TSI FREIGHT SERVICES, INC., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Mars Petcare US, Inc.'s ("Defendant") Motion for Summary Judgment (D.E. # 11), filed on January 12, 2012. Plaintiff filed a Response (D.E. # 14) on February 17, 2012. Defendant filed a Reply (D.E. # 17) on March 9, 2012. For the following reasons, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed its Complaint on a Sworn Account in Shelby County Circuit Court on August 26, 2011. (D.E. # 1-2.) Defendant removed the case to this Court on September 30, 2011, on the basis of diversity jurisdiction. (D.E. # 1.) Defendant TSI Freight Services ("TSI") has never appeared in the case or filed any documents on the docket. Defendant filed its Answer on October 7, 2011 (D.E. # 4), and shortly after discovery began, it filed the Motion currently before the Court.

The following facts are undisputed for purposes of this Motion unless otherwise noted. Defendant is a pet food manufacturer and veterinary care company. (Def.'s Statement of Undisputed Facts, D.E. # 11-2, at 1.) It hired TSI, a transportation broker, to arrange for the transportation of its products to market. (*Id.*) TSI then hired individual motor carriers to transport shipments of Defendant's products, one of which was Freight Masters Systems, Inc. ("Freight Masters"). (*Id.*) According to Plaintiff, Freight Masters transported several shipments of Defendant's products at TSI's request. (*Id.* at 2.) Defendant asserts that it paid TSI in full for the shipments that are the subject of this lawsuit,[1] but Plaintiff asserts that TSI did not pay Freight Masters. (*Id.*) Defendant did not hire, communicate with, or contract with Freight Masters, and Freight Masters did not invoice Defendant for the freight charges. (*Id.*)

Freight Masters and TSI entered into a Transportation Broker Agreement ("the Agreement"). (*Id.*) Plaintiff attempts to dispute this fact by stating that it entered into the Agreement with TSI, but the Agreement clearly states that "[t]his agreement [is] entered into this 6th day of November, 2003[2] between TSI . . . and Freight Masters . . . ." (Pl.'s Resp. to Def.'s Facts, D.E. # 14-2, at 2; Agreement, D.E. # 11-4, at 2.) Section 4(a) of the Agreement contains a non-recourse provision:

---

[1] In its Response to Defendant's Facts 6, 8, and 9, Plaintiff asserts that it does not have sufficient information to respond to the allegations, and it requests discovery on these issues. However, as discussed below, Plaintiff's Rule 56(d) Motion is insufficient under the Federal Rules of Civil Procedure, and the Court need not suspend its evaluation of Defendant's Motion. Therefore, the fact that Defendant paid TSI in full is undisputed.

[2] The exact year of the Agreement is illegible: it could be 2003 or 2009. But because the date of the Agreement is immaterial to the Court's decision, this uncertainty does not preclude summary judgment.

> [TSI] shipments tendered by [TSI] personnel will have payment made by [TSI] only. [Freight Masters] agrees to look solely to [TSI] as the agent of its Shippers for payment of all freight and other charges owing under [the Schedule of Rates and Charges. Freight Masters] agrees that its sole recourse in the event of nonpayment shall be against [TSI]. This undertaking by [Freight Masters] shall survive termination of this Agreement.

(Agreement, D.E. # 11-4, at 3.) The Agreement also provides that "[TSI] agrees to pay [Freight Masters] within [thirty] days of receipt of [Freight Master's] freight bill with [the] attached original Bill of Lading as proof of delivery." (*Id.*)

After failing to collect payment from TSI, Freight Masters assigned its accounts to Plaintiff. (Def.'s Statement of Facts, D.E. # 2, at 2.) It is disputed whether Plaintiff is a Tennessee limited liability company which holds itself out to the public as a collection service. (*Id.* at 2; Pl.'s Resp. to Def.'s Facts, D.E. # 14-2, at 3.) While it is undisputed that Plaintiff is not licensed in Tennessee as a collection service, it is disputed whether Plaintiff is a "collection agency" required to be licensed by the Tennessee Collection Service Act ("TCSA"). (Def.'s Statement of Facts, D.E. # 2, at 3; Pl.'s Resp. to Def.'s Facts, D.E. # 14-2, at 3.)

Defendant asserts that Plaintiff has proffered no evidence that the assignment of the Freight Masters accounts was voluntary, properly executed, or acknowledged by Freight Masters. (Def.'s Statement of Facts, D.E. # 2, at 3.) Similarly, Defendant avers that no evidence exists demonstrating that the assignment was manifested by a written agreement containing the necessary information and disclosures mandated by the TCSA. (*Id.*) Plaintiff attempts to dispute this first fact by merely stating "Denied." (Pl.'s Resp. to Def.'s Facts, D.E. # 14-2, at 4.) However, Local Rule 56.1(b) requires "[e]ach disputed fact [to be] supported by specific citation to the record." Because Plaintiff did not cite to the record and did not produce admissible

3

evidence sufficient to contradict Defendant's assertion, this fact is undisputed for purposes of this Motion. Additionally, Plaintiff disputes the second fact because it is not a "collection agency" under the TCSA. (*Id.*)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[4] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but instead must present some "specific facts showing that there is a genuine issue for trial."[5] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[6] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[7] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient

---

[3] Fed. R. Civ. P. 56(a).

[4] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *Matsushita*, 475 U.S. at 586.

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

4

disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[8]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[9] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action."[10]

## ANALYSIS

### Plaintiff's Rule 56(d) Motion

Federal Rule of Civil Procedure 56(d) ("Rule 56(d)") provides courts with several options, including deferring considering the motion, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[11] In its Response, Plaintiff appeared to file a request under Rule 56(d) that the Court hold the Motion in abeyance until Plaintiff had the chance to conduct additional discovery on four issues: whether Defendant paid TSI in full for the shipments at issue in this case, whether Defendant

---

[8] *Id.* at 251-52.

[9] *Celotex*, 477 U.S. at 322.

[10] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[11] Fed. R. Civ. P. 56(d). Although Plaintiff cites to Federal Rule of Civil Procedure 56(f), Rule 56 was revised in December of 2010. As part of those revisions, Rule 56(f) became Rule 56(d). However, the substantive provisions of the Rule were not substantially changed.

hired, communicated with, or contracted with Freight Masters, whether Defendant knew about the Agreement, and whether Defendant knew about TSI's failure to pay Freight Masters.[12]

Plaintiff's request fails to conform to the requirements of Rule 56(d). Plaintiff's counsel did not attach a declaration or affidavit in support of Plaintiff's need for this discovery. Moreover, the discovery deadline was May 17, 2012, and Plaintiff did not supplement its Response with additional information gleaned during discovery. Therefore, Plaintiff's Rule 56(d) Motion is **DENIED**, and the Court will turn to the merits of Defendant's Motion.

### Defendant's Motion

Defendant raises three arguments in support of its Motion, each of which would likely independently resolve the Motion. It argues that Plaintiff is contractually barred from seeking recovery from Defendant, that equitable estoppel prevents Defendant from having to pay twice for the same service, and that Plaintiff failed to comply with the TCSA. The Court will begin with Defendant's first argument.

### Choice of Law

Before the Court can proceed to the issues presented by this case, it must decide which state's law to apply. Under the *Erie* doctrine, in cases where a federal court exercises diversity jurisdiction, the federal court is bound to apply the substantive law of the forum state as if the action had been brought in a state court of the jurisdiction where the federal court is located.[13]

---

[12] (Pl.'s Resp., D.E. # 14-1, at 6.)

[13] *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

Therefore, "a federal court must apply the choice of law rules of the state in which it sits,"[14] and the Court will apply Tennessee's choice of law rules. In Tennessee, the "construction and validity of a contract are governed by the law of the place where the contract [wa]s made."[15] This principle is known as *lex loci contractus*, meaning that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent contrary intent."[16] That contrary intent can be demonstrated by including a choice of law provision in the contract.[17]

The Agreement contains such a provision. In section 6(c), the Agreement states that it "shall be executed by [TSI] in the State of New Jersey and shall be construed under the internal laws of the State of New Jersey."[18] Therefore, it appears that the Agreement was executed in New Jersey. But the parties do not ask the Court to construe the Agreement; instead, Defendant has moved for summary judgment based on Plaintiff's performance as an assignee of Freight Masters' rights under the Agreement.

Therefore, the Court next turns to whether the parties allege a conflict of law as applied to this case. The U.S. Supreme Court has said that "there can be no injury in applying [the forum

---

[14] *Mahne v. Ford Motor Co.*, 900 F.2d 83, 85 (6th Cir. 1990) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)); *see generally Erie*, 304 U.S. 64 (1938) (holding that federal courts with diversity jurisdiction must apply state substantive law and federal procedural law).

[15] *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 466 (Tenn. 1973).

[16] *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999). A contract is executed or made in the state in which it was signed. *See in re Estate of Davis*, 184 S.W.3d 231, 233-35 (Tenn. Ct. App. 2004).

[17] *See id.*

[18] (Agreement, D.E. # 4-2, at 3.) The text of this section is rather difficult to discern, but the Court is satisfied that New Jersey law governs the interpretation of the Agreement.

7

state's] law if it is not in conflict with that of any other jurisdiction connected to this suit."[19] Additionally, "when neither party argues that the forum state's choice of law rules require" the application of another state's substantive law, "the court should apply the forum state's substantive law."[20] Here, neither party briefed the choice of law issue. Defendant cites to law from the Supreme Court, the Sixth Circuit, and Tennessee, and Plaintiff cites only federal law. Accordingly, in the absence of arguments to the contrary, the Court chooses to apply Tennessee law to govern the parties' performance under the Agreement.

In Tennessee, "[a]n assignee of a non-negotiable chose in action, such as a contract, steps into the shoes of his assignor and takes his assignor's rights subject to all defenses which may be asserted against the assignor in an action to enforce the right."[21] As a general rule, the assignee "steps into the shoes of the assignor" with regard to the matters covered by the assignment.[22] Thus, an assignment will not extinguish the underlying contract, but it transfers the assignor's contract rights against the other contracting party to the assignee who succeeds to the assignor's rights under the underlying contract.[23]

---

[19] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816 (1985).

[20] *Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F. Supp. 2d 944, 949 n.4 (S.D. Ohio 2001) (quoting *ECHO Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995)).

[21] *Binswanger S. (N.C.), Inc. v. Textron, Inc.*, 860 S.W.2d 862, 865 (Tenn. Ct. App. 1993).

[22] *SunTrust Bank, Nashville v. Johnson*, 46 S.W.3d 216, 226-27 (Tenn. Ct. App. 2000).

[23] *Id.* (citing *Pac. E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 959 (Tenn. Ct. App. 1995).

In its Motion, Defendant argues that the non-recourse provision in the Agreement prohibits Plaintiff from pursuing Defendant for its debts.[24] Defendant points out that Freight Masters agreed that it would only pursue TSI in the event of non-payment and that no recourse would lie against shippers such as Defendant.[25] Because Freight Masters assigned its accounts to Plaintiff, Defendant contends that Plaintiff is subject to the same non-recourse provision as Freight Masters and that Plaintiff is similarly contractually barred from seeking recovery from Defendant for TSI's unpaid freight charges.[26]

In response, Plaintiff argues that an implied contract exists between Plaintiff and Defendant "because there is no express contract between the parties involved in this action."[27] Plaintiff further argues that "the non-recourse provision would not apply to [Freight Masters] as it is not a party to the purported contract between [TSI] and [Plaintiff]."[28] Plaintiff argues that there is no privity of contract between Freight Masters and Defendant and that Defendant "should not be absolved of liability through a contract [it] had no part in."[29] Next, Plaintiff turns to agency law and argues that because TSI is Defendant's agent, Defendant is liable to Freight Masters due to this principal-agent relationship.[30] Finally, Plaintiff submits that the Agreement

---

[24] (Def.'s Mot., D.E. # 11-1, at 4.)

[25] (*Id.*)

[26] (*Id.*)

[27] (Pl.'s Resp., D.E. # 14-1, at 2.)

[28] (*Id.*)

[29] (*Id.*)

[30] (*Id.* at 3.)

9

"does not trump the Bills of Lading in this case, nor [does it] control the relationship between [Defendant] and Freight Masters."[31]

In reply, Defendant reframes the issue before the Court. It argues that what it agreed to is irrelevant; "the question is to what Plaintiff's assignor[, Freight Masters,] agreed to."[32] It reiterates its argument that the Agreement limits Plaintiff to seeking payment only from TSI.[33] Defendant also addresses Plaintiff's cited law regarding the implied contract arising from the bill of lading and cites a Supreme Court case for the proposition that "a separate contract for the payment of freight charges is enforceable despite the ordinary inference of an implied contract in a bill of lading whereby a shipper assumes the obligation to pay freight charges."[34]

At the outset, the Court notes that Plaintiff's arguments regarding the bill of lading are unpersuasive. Plaintiff appears to rely upon a bill of lading which neither party has provided to the Court and which cannot be found on the record. Therefore, the Court has no way of knowing whether Freight Masters ever issued a bill of lading to Defendant or if it did, what the bill of lading said. Accordingly, the Court will confine its analysis to the information presently before it as provided by the parties.

It is undisputed that Freight Masters assigned its account with TSI to Plaintiff, and Plaintiff has not indicated that this assignment of accounts was limited in any way. Therefore, the Court assumes that the assignment of the Freight Masters accounts included the rights

---

[31] (*Id.*)

[32] (Def.'s Reply, D.E. # 17, at 3.)

[33] (*Id.*)

[34] (*Id.* at 2-3.)

10

detailed in the Agreement.  As assignee, Plaintiff would be limited to the rights agreed to by Freight Masters and TSI.  Accordingly, the Court finds that the terms of the Agreement cover the relationship between Plaintiff and TSI, and it turns to the Agreement's language regarding whether Plaintiff can pursue Defendant for TSI's non-payment.

The non-recourse section is unambiguous: it provides that payment for shipments will be by TSI only, and Freight Masters—in this case, Plaintiff as assignee—must look only to TSI for payment of all charges.  Freight Masters, and Plaintiff as assignee, "agree[d] that [their] sole recourse in the event of nonpayment shall be against [TSI]."  Accordingly, the Court finds that the non-recourse section states that Plaintiff must pursue TSI, and not Defendant, for unpaid debts related to shipments initiated by TSI as broker for Defendant's benefit as shipper.  Plaintiff's agency argument is unavailing: although TSI is Defendant's agent for the shipments at issue in this case, section 4(a) of the Agreement states that despite this agency relationship, Plaintiff must look solely to TSI, not to Defendant, for payment of all freight and other charges.  The Agreement's language precludes Plaintiff's agency argument.  Therefore, the Court finds that Plaintiff cannot pursue Defendant for TSI's failure to perform under the Agreement: Plaintiff must turn to TSI to attempt to collect its debt.  Accordingly, Defendant's Motion is **GRANTED**.  Because the Agreement precludes Plaintiff from pursuing Defendant for repayment of TSI's debts, the Court need not reach Defendant's arguments regarding equitable estoppel or whether Plaintiff must adhere to the requirements of the TCSA.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 30, 2012.